16-2-00152-21
CMP
Complaint
109797




SUPERIOR COURT
LEWIS COUNTY, WASH
REC'D & FILED

2016 FEB -5 PM 3: 28

NANCY BRACK, CLERK

BY _____
         DEPUTY

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# IN AND FOR LEWIS COUNTY

| | |
|---|---|
| BRIAN SMITH,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MONSTER BEVERAGE CORPORATION, a Delaware Corporation; MONSTER ENERGY COMPANY, a Delaware Corporation; and DOES 1 through 100, Inclusive,<br><br>　　　　Defendants, | No. 16 2 00152 21<br><br>**COMPLAINT**<br><br>(1) Strict Product Liability (Design Defect);<br>(2) Strict Product Liability (Failure to Warn);<br>(3) Negligence (Design, Sale, Manufacturing);<br>(4) Negligence (Failure to Warn);<br>(5) Fraudulent Concealment; and<br>(6) Breach of Implied Warranties. |

Plaintiff, Brian Smith ("Plaintiff" or "Smith"), through his undersigned counsel, hereby sues Defendants, Monster Beverage Corporation, Monster Energy Company, and DOES 1 through 100, inclusive (collectively Defendants) Defendants, and in support thereof, states:

## NATURE OF THE CASE AND PARTIES

1. Plaintiff brings the instant civil action arising out of serious, permanent, and life-altering injuries sustained on February 8, 2013, following his ingestion of a toxic amount of caffeine and other stimulants through his consumption of four (4) sixteen ounce (16-oz.) "MONSTER ENERGY" drinks within a 24-hour period (the "Incident").

COMPLAINT- 1    

PHILLIPS LAW FIRM
17410 NE 133rd Ave, Suite 301
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

2. At the time of the Incident, Plaintiff was a resident of Lewis County, Washington and seeks to recover all damages allowed by law for personal injuries sustained as a result of the Incident.

3. Monster Beverage Corporation is a corporation organized under the laws of the State of Delaware, with its principle place of business located at 1 Monster Way, Corona, California 92879. At all times pertinent hereto, Defendant Monster Beverage Corporation was engaged in and responsible for the design, manufacture, production, testing, study, inspection, mixture, labeling, marketing, advertising, sales, promotion, and/or distribution of the energy drink named MONSTER ENERGY. Defendant, Monster Beverage Corporation, may be served with process by service on its registered agent: CSC – Lawyers Incorporation Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

4. Monster Energy Company is a corporation organized under the laws of the State of Delaware, with its principle place of business located at 1 Monster Way, Corona, California 92879. At all times pertinent hereto, Defendant Monster Beverage Corporation was engaged in and responsible for the design, manufacture, production, testing, study, inspection, mixture, labeling, marketing, advertising, sales, promotion, and/or distribution of the energy drink named MONSTER ENERGY. Defendant, Monster Energy Company, may be served with process by service on its registered agent: CSC – Lawyers Incorporation Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

5. The true names and/or capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiff at this time, who, therefore, sues said Defendants by such fictitious names. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants fictitiously named herein as a

PHILLIPS LAW FIRM
17410 NE 133rd Ave, Suite 301
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

Doe is legally responsible, negligently or in some other actionable manner, for the events and legal cause of the resulting injury and damages to Plaintiff, as hereinafter alleged. Plaintiff will amend this Complaint to assert the true names and/or capacities of such fictitiously named defendants when the same have been ascertained. For convenience, Monster Beverage Corporation, Monster Energy Company and DOES 1 through 100 are sometimes collectively referred to herein as "Monster" or "Defendants".

6. Plaintiff is informed and believes, and based thereon alleges, that, at all times mentioned herein, defendants were the agents (ostensible or otherwise), servants, employees successors-in-interest and/or joint venturers of their co-defendants and were, as such, acting within the purpose, course, scope and authority of said agency, employment, successor-in-interest and/or joint venture and that each and every defendant, as aforesaid, was acting as a principle and was negligent in the selection and hiring and retention of each and every defendant as an agent, employee, successor-in-interest and/or joint venture. Each defendant has ratified and approved the acts of their respective agents and employees.

## JURISDICTION AND VENUE

7. Jurisdiction and venue are proper in Lewis County Superior Court because, at all times relevant hereto, Defendants maintained a principal place of business and/or was engaged in the design, manufacture, production, testing, study, inspection, mixture, labeling, marketing, advertising, sales, promotion, and/or distribution of the energy drink named MONSTER ENERGY in the State of Washington and regularly conducted business in Lewis County. Venue is appropriate pursuant to RCW 4.12.020(3).

COMPLAINT- 3

PHILLIPS LAW FIRM
17410 NE 133rd Ave, Suite 301
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

## FACTUAL ALLEGATIONS

9. On or about February 8, 2013, Smith consumed four (4) 16-oz. MONSTER ENERGY drinks in Lewis County, two (2) in the morning and two (2) more later that day while driving home from work. In addition to other stimulants (some of which include masked amounts of additional caffeine), the four (4) cans of MONSTER ENERGY, together, contained 640 milligrams of caffeine—the equivalent caffeine content of eighteen (18) 12-oz. cans of Coca-Cola.

10. On the evening of February 8, 2013, shortly after consuming the fourth MONSTER ENERGY, Smith experienced a severe headache that was followed by stroke-like symptoms. He was immediately transported to the hospital where he was diagnosed and treated for a hemorrhagic stroke.

11. At all relevant times, Defendants were responsible for the design, manufacture, production, testing, study, inspection, mixture, labeling, marketing, advertising, sales, promotion, and/or distribution of the MONSTER ENERGY drinks that Plaintiff consumed. Defendants are product sellers and/or manufacturers within the meaning of the Washington Products Liability Act codified in the Revised Code of Washington Section 7.72.010.

12. MONSTER ENERGY drinks are marketed as products that provide alleged "benefits" to consumers in the form of "increased energy and stamina, weight loss, and enhanced physical and/or mental performance."[1]

13. In order to provide the marketed (and purported) benefits, MONSTER ENERGY contains and relies primarily upon massive amounts of caffeine, a substance known for

---

[1] Substance Abuse and Mental Health Servs. Admin., Center for Behavioral Health Statistics and Quality, The Dawn Report: Emergency Department Visits Involving Energy Drinks 2 (Nov. 22, 2011) [Herein after referred to as "DawnReport"].

COMPLAINT- 4

PHILLIPS LAW FIRM
17410 NE 133rd Ave, Suite 301
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

imposing adverse health effects upon consumers.[2] Caffeine affects various organ systems by, *inter alia*, increasing heart rate, blood pressure, speech rate, motor activity, attentiveness, gastric secretion, diuresis, and body temperature. Most importantly, caffeine is known to play a role in triggering arrhythmias.[3]

14. Caffeine can be lethal in doses ranging from 200-400 milligrams.[4] Adverse health effects, including arrhythmia, typically manifest with ingestion of higher than 200 milligrams of caffeine.[5] One 16-oz. can of MONSTER ENERGY contains 160 milligrams of caffeine. Two 16-oz. cans of MONSTER ENERGY contain 320 milligrams of caffeine.[6]

15. In addition to caffeine, MONSTER ENERGY drinks contain guarana and taurine. Guarana is a plant extract that contains caffeine.[7] Taurine has an effect on cardiac muscles similar to that of caffeine.[8] Studies have shown that the synergistic effect of caffeine, guarana, taurine and/or other like substances can produce significant adverse health effects, including an increased risk of strokes, blood clots, heart attacks and cardiac arrhythmias.[9]

16. Defendants have successfully avoided meaningful regulation of its product by the U.S. Food and Drug Administration by previously classifying MONSTER ENERGY as a

---

[2] Committee on Nutrition and the Council on Sports Medicine and Fitness *Sports Drinks and Energy Drinks for Children and Adolescents: Are They Appropriate?*, 127 PEDIATRICS 1183 (2011) [hereinafter, "PEDIATRICS"]
[3] *Id.; see also* Adam J. Burger and Kevin Alford, *Cardiac Arrest in a Young Man Following Excess Consumption of Caffeinated "Energy Drinks"*, 190 Med. J. OF Aus. 41, 43 (2009) [hereinafter, "*Burger and Alford*"] ("The role of caffeine in triggering arrhythmia is well established.")
[4] PEDIATRICS at 1185; *Burger and Alford* at 43.
[5] John P. Higgins, *et al.*, *Energy Beverages: Content and Safety*, Mayo Clinic Proc., Nov. 2010 at 1033, 1034 [hereinafter, "*Higgins*"].
[6] Caffeine Content of Drinks, http://www.caffeineinformer.com/the-caffeine-database (last visited January 22, 2016).
[7] PEDIATRICS at 1186.
[8] *Burger and Alford* at 43.
[9] *Higgins* at 1034

COMPLAINT - 5

PHILLIPS LAW FIRM
17410 NE 133rd Ave, Suite 301
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

"dietary supplement"—in other words, not a "food". Further, Defendants manufacture its MONSTER ENERGY drinks without <u>any restrictions</u> on caffeine content.[10]

17. From 2004 to 2009, energy drink sales increased two hundred and forty percent (240%).[11] Not surprisingly, this spike in energy drink sales coincided with a reported increase in the number of annual emergency room visits related to caffeine overdoses, up from 1,128 in 2005 to 16,055 in 2008 and 13,114 in 2009. Fifty-six (56%) percent of these emergency room visits involved adolescents and young adults aged twelve (12) to twenty-five (25).

18. The annual emergency department visits continue to increase at an alarming rate, especially among patients between the ages eighteen (18) through thirty-nine (39), and even more so by male patients. In fact, emergency department visits involving energy drinks have more than doubled, from 10,068 visits in 2007 to 20,783 visits in 2011.[12]

19. Today, MONSTER ENERGY is part of a dangerous, yet growing array of energy drinks in the marketplace.[13] MONSTER ENERGY, just one line of Defendants' vast collection of energy drink products, accounted for $1.3 billion in revenue, commanding 31.5% market share in convenience-store sales, the primary outlet for MONSTER ENERGY products.[14]

20. MONSTER ENERGY can increase the risk of caffeine overdose in both caffeine abstainers and habitual consumers of caffeine for a variety of reasons. "Lack of adequate

---

[10] MSNBC.msn.com, *Teen Girl Dies of "Caffeine Toxicity" after Downing 2 Energy Drinks*, http://www.today.com/health/teen-girl-dies-caffeine-toxicity-after-downing-2-energy-drinks-506441 (last visited January 22, 2016).
[11] Dawn Report at 2.
[12] Substance Abuse and Mental Health Servs. Admin., Center for Behavioral Health Statistics and Quality, The Dawn Report: Update on Emergency Department Visits Involving Energy Drinks: A Continuing Public Health Concern (Jan. 10, 2013).
[13] Dawn Report at 2.
[14] Gary M. Stem, *Monster Beverage Courts Young With Unique Ad Tack* (Feb. 24, 2012), http://news.investors.com/article/602190/201202241434/mnst-stirs-buzz-snikes-sales.htm?p=full (last visited Jan. 22, 2016).

COMPLAINT- 6

PHILLIPS LAW FIRM
17410 NE 133rd Ave, Suite 301
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

labeling," results in consumption by consumers who may be "completely unaware of the amount of caffeine they are ingesting" because the packaging fails to disclose the caffeine content of the product.[15]

21. Until recently and even <u>after</u> the date of Incident, Defendants did <u>nothing</u> to warn consumers (including the children, teenagers and young adults it intentionally targets) of these severe health risks associated with the total caffeine content of its products.

22. Despite the well-known health risks associated with excessive caffeine consumption, MONSTER ENERGY is heavily marketed towards children, teenagers and young adults—those individuals most susceptible to caffeine-related injury.[16]

23. With names like "Assault," "Khaos" and "Dub Edition" assigned to variations within the MONSTER ENERGY product line and references in marketing material to "jungle juice," a known concoction of juices and grain alcohol served at college parties, Defendants' intentional efforts to target children, teenagers and young adults are readily transparent.[17]

24. Despite Defendants' knowledge of the significant risks associated with consumption of MONSTER ENERGY drinks, particularly with respect to its target audience—teenagers and young adults—Defendants' product masks and otherwise fails to alert consumers, including Smith, of the significant risks associated with MONSTER ENERGY. To the contrary, the packaging expressly prides itself on "deliver[ing] the big bad

---

[15] Chad J. Reissig, *et al.*, *Caffeinated Energy Drinks: A Growing Problem*, 99(1-3) Drug Alcohol Depend. 4 (2009) [hereinafter, *"Reissig"*].
[16] *See, e.g.*, Dawn Report at 2 ("Although consumed by a range of age groups, energy drinks are marketed to appeal to youth and are consumed by 30 to 50 percent of children, adolescents, and young adults."); Pediatrics at 1182 ("Sports and energy drinks are a large and growing beverage industry now marketed to children and adolescents for a variety of uses."); Leah Steinke, *et al.*, *Effect of "Energy Drink" Consumption on Hemodynamic and Electrocardiographic Parameters in Healthy Young Adults*, 43 Annals of Pharmacotherapy 596, 599 (2009) ("Energy drink marketing often employs nontraditional methods of advertising, such as word-of-mouth campaigns on college campuses, to attract teenagers and young adults.").
[17] Monster Energy, http://www.monsterenergy.com/us/en/products/ (last visited Jan. 22, 2016).

COMPLAINT- 7

PHILLIPS LAW FIRM
17410 NE 133rd Ave, Suite 301
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

buzz that only Monster can," and encourages consumers to "tear into" the product. Indeed, Defendants state that consumers "can really pound down" MONSTER ENERGY, thereby encouraging consumers to speedily and hastily ingest this dangerous product. Defendants further instruct consumers that the drink contains only "the ideal combo of the right ingredients in the right proportion", falsely implicating to consumers that they can safely ingest this dangerous and misleading concoction. Finally, Defendants describe MONSTER ENERGY as a drink for everyone, including "athletes, musicians, co-ed's, road warriors, metal heads, geeks, hipsters, and bikers", describing a wide variety of individuals, some who may lead a healthy life-styles and some who might not.

25. Though championing the purported benefits provided by MONSTER ENERGY, Defendants entirely failed to warn or disclose to consumers like Plaintiff the known risks and side effects of consuming MONSTER ENERGY products, including the risk of a hemorrhagic stroke (herein after referred to as "stroke") from which caused Plaintiff serious and permanent injuries.

26. Beyond its failure to warn of or disclose to consumers information related to the significant risks associated with consuming MONSTER ENERGY, Defendants intentionally withheld, suppressed and concealed from consumers information relating to the risks of adverse health effects upon consumption of MONSTER ENERGY.

27. Defendants failed to conduct adequate testing, studies or clinical testing and research, if any, and similarly failed to conduct adequate marketing surveillance regarding MONSTER ENERGY'S adverse effects upon the cardiovascular health of consumers.

28. Despite Defendants' representations to the contrary, the MONSTER ENERGY drinks consumed by Plaintiff were not safe or fit for the use for which they were intended.

COMPLAINT- 8

PHILLIPS LAW FIRM
17410 NE 133rd Ave, Suite 301
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

29. Had Defendants properly disclosed and warned of the significant risk of suffering adverse cardiac episodes, including increased risk of strokes, blood clots, heart attacks and cardiac arrhythmias due to the consumption of MONSTER ENERGY, a product containing exorbitant levels of caffeine, taurine and guarana, Plaintiff would not have purchased and consumed four 16-oz. MONSTER ENERGY drinks within a 24- hour period.

30. Defendants' failures in designing, manufacturing, marketing, distributing, warning and/or selling MONSTER ENERGY drinks directly and proximately caused Plaintiff to suffer the stroke.

## FIRST CAUSE OF ACTION
### (Strict Liability: Design Defect against all Defendants by Plaintiff)

31. Plaintiff re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

32. Defendants manufactured, sold, and supplied MONSTER ENERGY making them product sellers and/or manufacturers within the meaning of the Washington Products Liability Act codified in the Revised Code of Washington Section 7.72.010, and had significant involvement in distribution including the capability of exercising control over quality.

33. Defendants placed MONSTER ENERGY into the stream of consumer commerce. MONSTER ENERGY was expected to, and did, reach Plaintiff without substantial change in its condition. Plaintiff consumed MONSTER ENERGY and it caused him to suffer from a stroke.

PHILLIPS LAW FIRM
17410 NE 133rd Ave, Suite 301
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

34. Plaintiff consumed the MONSTER ENERGY drinks that caused him serious, permanent, and life-altering injuries in the way that Defendants intended all MONSTER ENERGY drinks to be used, as he ingested them orally.

35. The MONSTER ENERGY products Plaintiff consumed caused him serious, permanent, and life-altering injuries, did not perform as safely as an ordinary consumer would have expected it to perform when used, or misused in an intended or reasonably foreseeable way.

36. At the time the MONSTER ENERGY drinks consumed by Plaintiff left Defendants' control, they were in a condition not contemplated by him and were unreasonably dangerous and defective as defined in Revised Code of Washington Sections 7.72.030 and 7.72.040. MONSTER ENERGY was at the time of Plaintiff's consumption (and remains to this day) dangerous to an extent beyond that which would be contemplated by the ordinary consumer in Plaintiff's position.

37. The risks associated with ingesting MONSTER ENERGY outweigh any claimed or perceived benefits. There are practicable, feasible and safer alternatives to achieve "energy" and increased awareness that do not present the severe health risks that accompany MONSTER ENERGY.

38. The failure of the MONSTER ENERGY drinks that Plaintiff consumed, and that caused him injuries, to perform safely was a substantial factor in causing him harm.

39. As a direct and proximate result of Defendants' design, manufacture, marketing, and/or sale of MONSTER ENERGY, Plaintiff suffered serious injuries as described herein.

40. As a direct and proximate result of Defendants' design, manufacture, marketing, and/or sale of MONSTER ENERGY, it became necessary for Plaintiff to incur expenses for

COMPLAINT- 10

PHILLIPS LAW FIRM
17410 NE 133rd Ave, Suite 301
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

doctors, hospitals, nurses, pharmaceuticals, and other reasonably required and medically necessary supplies and services.

41. As a direct and proximate result of Defendants' design, manufacture, marketing, and/or sale of MONSTER ENERGY, Plaintiff suffered serious and permanent physical injury, harm, damages and economic loss.

### SECOND CAUSE OF ACTION
**(Strict Liability: Failure to Warn against all Defendants by Plaintiff)**

42. Plaintiff re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

43. Prior to Plaintiff's consumption of the MONSTER ENERGY drinks, Defendants designed, manufactured, marketed, distributed and/or sold MONSTER ENERGY, and at all material times was in the business of doing so. Defendants placed MONSTER ENERGY into the stream of consumer commerce. MONSTER ENERGY was expected to, and did, reach Plaintiff without substantial change in its condition. Plaintiff consumed MONSTER ENERGY and it caused him to suffer from a stroke.

44. MONSTER ENERGY had potential risks and side effects that were known or knowable to Defendants by the use of scientific knowledge available at and after the time of design, manufacture, marketing, distribution and/or sale of the MONSTER ENERGY consumed by Plaintiff. Defendants knew or should have known of the defective condition, characteristics, and risks associated with MONSTER ENERGY, as previously set forth herein.

COMPLAINT- 11

PHILLIPS LAW FIRM
17410 NE 133rd Ave, Suite 301
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

45. The potential risks and side effects associated with MONSTER ENERGY presented, and continue to present, a substantial danger when the drinks are used or misused in an intended or reasonably foreseeable way - *i.e.* ingested orally.

46. Ordinary consumers would not have recognized the potential risks and side effects associated with ingesting MONSTER ENERGY.

47. When placing MONSTER ENERGY into the stream of commerce, Defendants failed to provide adequate warnings as to the risks associated with the product as defined in Revised Code of Washington Sections 7.72.030. Defendants failed to warn consumers of the true risks and dangers - and of the symptoms, scope and severity of the potential side effects of the MONSTER ENERGY drinks that Plaintiff consumed, such as significantly increased risk of strokes, blood clots, heart attacks and cardiac arrhythmias.

48. As detailed herein, Defendants failed to adequately warn and instruct of the potential risks and side effects associated with ingesting MONSTER ENERGY. Examples of the inadequacies of Defendants' warnings include, but are not limited to, the following:

   a. The warnings were insufficient to alert Plaintiff of the significant risk, scope, duration and severity of adverse events and/or reactions associated with MONSTER ENERGY, subjecting him to risks which far exceeded the benefits of MONSTER ENERGY;

   b. Defendants marketed and sold MONSTER ENERGY using misleading marketing materials emphasizing the efficacy of the drinks while downplaying the risks associated with it, thereby making the use of MONSTER ENERGY more dangerous than any consumer would reasonably expect; and

   c. Defendants failed to disclose the increased risks of strokes, blood clots, heart attacks and cardiac arrhythmias associated with the consumption of MONSTER ENERGY by consumers like Plaintiff.

PHILLIPS LAW FIRM
17410 NE 133rd Ave, Suite 301
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

49. The lack of sufficient instructions or warnings was a substantial factor in causing Plaintiff's injuries.

50. As a direct and proximate result of Defendants' failure to provide adequate warnings in connection with its design, manufacture, marketing, distribution and/or sale of MONSTER ENERGY, Plaintiff suffered serious injuries as described herein.

51. As a direct and proximate result of Defendants' failure to provide adequate warnings in connection with its design, manufacture, marketing, distribution and/or sale of MONSTER ENERGY, it became necessary for Plaintiff to incur expenses for doctors, hospitals, nurses, pharmaceuticals, and other reasonably required and medically necessary supplies and services.

52. As a direct and proximate result of Defendants' failure to provide adequate warnings in connection with its design, manufacture, marketing, distribution and/or sale of MONSTER ENERGY, Plaintiff suffered serious and permanent physical injury, harm, damages and economic loss.

### THIRD CAUSE OF ACTION
(Negligence - Design, Manufacture and Sale against all Defendants by Plaintiff)

53. Plaintiff re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

54. Defendants owed a duty to Plaintiff and all consumers of MONSTER ENERGY to exercise reasonable care in the design, formulation, testing, manufacture, labeling, marketing, distribution, promotion and/or sale of MONSTER ENERGY. This duty required Defendants to ensure that its product did not pose an unreasonable risk of bodily harm to Plaintiff and all other consumers, and similarly required Defendants to warn of side effects, risks, dangers and

COMPLAINT- 13

PHILLIPS LAW FIRM
17410 NE 133rd Ave, Suite 301
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

potential for increased risk of strokes, blood clots, heart attacks and cardiac arrhythmias associated with the ingestion of MONSTER ENERGY.

55. Defendants failed to exercise reasonable care in the design, formulation, testing, manufacture, labeling, marketing, distribution, promotion and/or sale of MONSTER ENERGY in those Defendants knew or should have known that MONSTER ENERGY could cause significant bodily harm, including strokes, and was not safe for use by consumers who ingest the product.

56. Defendants were negligent in the design, formulation, testing, manufacture, labeling, marketing, distribution, promotion and/or sale of MONSTER ENERGY and breached its duties to Plaintiff. Specifically, Defendants:

a. Failed to use due care in the preparation and design of MONSTER ENERGY drink to prevent the previously-described risks, especially as they relate to children and young adults;

b. Failed to conduct adequate testing, if any, of MONSTER ENERGY;

c. Failed to cease manufacturing or otherwise alter the composition of MONSTER ENERGY to produce a safer alternative despite the fact that Defendants knew or should have known that such drinks posed a serious risk of bodily harm to consumers;

d. Failed to conduct post-marketing surveillance to determine the safety of MONSTER ENERGY;

c. Failed to exercise reasonable care with respect to post-sale warnings and instructions for safe use by consumers;

d. Failed to exercise ordinary care in the labeling of MONSTER ENERGY; and,

e. Was otherwise careless and negligent.

57. At all relevant times, it was foreseeable to Defendants that consumers, like Plaintiff, would suffer injury as a result of Defendants' failure to exercise ordinary care.

COMPLAINT- 14

58. As a direct and proximate result of Defendants' negligence, Plaintiff suffered serious injuries described herein.

59. As a direct and proximate result of Defendants' negligence, it became necessary for Plaintiff to incur expenses for doctors, hospitals, nurses, pharmaceuticals, and other reasonably required and medically necessary supplies and services.

60. As a direct and proximate result of Defendants' negligence, Plaintiff suffered serious and permanent physical injury, harm, damages and economic loss.

### FOURTH CAUSE OF ACTION
(Negligence - Failure to Warn against all Defendants by Plaintiff)

61. Plaintiff re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

62. Prior to, on, and after the date of Plaintiff's ingestion of MONSTER ENERGY, and at all relevant times, Defendants were engaged in the design, manufacture, production, testing, study, inspection, mixture, labeling, marketing, advertising, sales, promotion, and/or distribution of MONSTER ENERGY, which were intended for consumption by consumers like Plaintiff.

63. Prior to, on, and after the date of Plaintiff's ingestion of MONSTER ENERGY, Defendants knew or should have known that the drinks were dangerous or were likely to be dangerous when used in a reasonably foreseeable manner. Such dangers include, but are not limited to, significantly increased risk of strokes, blood clots, heart attacks and cardiac arrhythmias.

COMPLAINT- 15

PHILLIPS LAW FIRM
17410 NE 133rd Ave, Suite 301
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

64. Prior to, on, and after the date of Plaintiff's ingestion of MONSTER ENERGY, Defendants knew or should have known that consumers of MONSTER ENERGY, including Plaintiff, would not realize the latent dangers presented by the product.

65. Prior to, on, and after the date of Plaintiff's ingestion of MONSTER ENERGY, Defendants failed to adequately warn of the dangers associated with consumption of MONSTER ENERGY and/or failed to adequately instruct consumers on the safe use of the product. Such failures to warn and/or instruct included, but were not limited to:

   a. Failing to issue adequate warnings to consumers concerning the risks of serious bodily harm associated with the ingestion of MONSTER ENERGY;

   b. Failing to supply adequate warnings regarding all potential adverse health effects associated with the use of its product and the comparative severity of these side effects; and

   c. Failing to set forth adequate warnings directed to consumers with common underlying cardiac conditions that are more susceptible to increased risk of strokes, blood clots, heart attacks and cardiac arrhythmias.

66. It was foreseeable to Defendants that consumers, including Plaintiff, might suffer injury as a result of its failure to exercise ordinary care in providing adequate warnings concerning the dangers associated with consumption of MONSTER ENERGY.

67. As a direct and proximate result of Defendants' negligence, Plaintiff suffered serious injuries as described herein.

68. As a direct and proximate result of Defendants' negligence, it became necessary for Plaintiff to incur expenses for doctors, hospitals, nurses, pharmaceuticals, and other reasonably required and medically necessary supplies and services.

69. As a direct and proximate result of Defendants' negligence, Plaintiff suffered serious and permanent physical injury, harm, damages and economic loss.

COMPLAINT- 16

PHILLIPS LAW FIRM
17410 NE 133rd Ave, Suite 301
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

### FIFTH CAUSE OF ACTION
(Fraud: Concealment, Suppression or
Omission of Material Facts against all Defendants by Plaintiff)

70. Plaintiff re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

71. Defendants withheld and suppressed facts in its advertising, labeling, packaging, marketing and promotion of MONSTER ENERGY that led consumers to falsely believe that the product posed no greater risk to the health of those who consumed it than did natural supplements containing similar ingredients.

72. Due to the potential risks associated with consumption of MONSTER ENERGY, Defendants owed a duty to disclose the truth about the significant adverse health effects associated with the consumption of these drinks, but failed to do so.

73. Despite Defendants' knowledge of the health risks associated with consumption of energy drinks like MONSTER ENERGY as a result of the high caffeine content, Defendants concealed these dangers and took steps in the advertising, packaging, marketing, promotion and/or sale of MONSTER ENERGY to prevent consumers from learning the true facts about the product.

74. The concealment of the true facts about MONSTER ENERGY was done with the intent to induce Plaintiff and others to purchase and consume MONSTER ENERGY. Defendants intended for consumers, like Plaintiff, to rely on its advertising, labeling, packaging, marketing, promotion and/or sale of MONSTER ENERGY, as well as its suppression of the true facts about the risks and dangers associated with consuming MONSTER ENERGY.

COMPLAINT- 17

PHILLIPS LAW FIRM
17410 NE 133rd Ave, Suite 301
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

75. The reliance by Plaintiff in consuming MONSTER ENERGY was reasonable and justified in that Defendants appeared to be, and represented itself to be, a reputable business that would disclose the truth about any potential harmful health effects of consuming its product.

76. As a direct and proximate result of the fraud and deceit alleged, Plaintiff suffered serious injuries as described herein.

77. As a direct and proximate result of the fraud and deceit alleged, it became necessary for Plaintiff to incur expenses for doctors, hospitals, nurses, pharmaceuticals, and other reasonably required and medically necessary supplies and services.

78. As a direct and proximate result of the fraud and deceit alleged, Plaintiff suffered serious and permanent physical injury, harm, damages and economic loss.

## SIXTH CAUSE OF ACTION
(Breach of Implied Warranties against all Defendants by Plaintiff)

79. Plaintiff re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein, and further allege as follows.

80. Plaintiff consumed four (4) cans of MONSTER ENERGY within twenty-four (24) hours, which caused him to suffer from a stroke.

81. At the time of Plaintiff's purchase of the MONSTER ENERGY products that caused the stroke, Defendants were in the business of selling the drink products.

82. The MONSTER ENERGY products that Plaintiff consumed, and that caused the stroke, were harmful when consumed.

COMPLAINT- 18

PHILLIPS LAW FIRM
17410 NE 133rd Ave, Suite 301
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

83. The harmful condition of the MONSTER ENERGY products that Plaintiff consumed, and that caused the stroke, would not reasonably be expected by the average consumer.

84. The MONSTER ENERGY drinks were a substantial factor in causing Plaintiff's to suffer from a stroke.

85. Prior to Plaintiff's consumption of MONSTER ENERGY, Defendants impliedly warranted to Plaintiff and other consumers that MONSTER ENERGY was of merchantable quality and safe and fit for the use for which it was intended.

86. Plaintiff relied entirely on the expertise, knowledge, skill, judgment, and implied warranty of Defendants in choosing to purchase and consume MONSTER ENERGY.

87. The MONSTER ENERGY drinks Plaintiff consumed were neither safe for their intended use, nor of merchantable quality, in that they possessed a dangerous mixture of ingredients that, when put to its intended use, caused severe, permanent injuries to Plaintiff. As such, the MONSTER ENERGY drinks were not of the same quality as those energy products generally acceptable in the trade and they were not fit for the ordinary purposes for which such goods are used.

88. By selling, delivering and/or distributing the defective MONSTER ENERGY drinks to Plaintiff, Defendants breached the implied warranty of merchantability and the implied warranty of fitness.

89. As a direct and proximate result of Defendants' breach of the implied warranty of merchantability and the implied warranty of fitness, Plaintiff suffered serious injuries herein described.

PHILLIPS LAW FIRM
17410 NE 133rd Ave, Suite 301
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653

90. As a direct and proximate result of Defendants' breach of the implied warranty of merchantability and the implied warranty of fitness, it became necessary for Plaintiff to incur expenses for doctors, hospitals, nurses, pharmaceuticals, and other reasonably required and medically necessary supplies and services.

91. As a direct and proximate result of the fraud and deceit alleged, Plaintiff suffered serious and permanent physical injury, harm, damages and economic loss.

### PRAYER FOR RELIEF AS TO ALL CLAIMS

WHEREFORE, Plaintiff prays judgment against all Defendants for all claims asserted herein as follows:

1. For property damages and medical expenses incurred by Plaintiff, according to proof;
2. For general damages, according to proof;
3. For economic loss, according to proof;
4. All costs of suits;
5. For applicable statutory interest as provided by law; and
6. For such other and further relief as the Court may deem just and proper.

Dated this _5_ day of February, 2016.

PHILLIPS LAW FIRM

Leo Shishmanian, WSBA #24726
Attorney for Plaintiff

COMPLAINT- 20

PHILLIPS LAW FIRM
17410 NE 133rd Ave, Suite 301
Woodinville, WA 98072
Telephone: (425) 482-1111
Facsimile: (425) 482-6653