UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN SMITH,

            Plaintiff,

    v.

MONSTER BEVERAGE CORPORATION, et al.,

            Defendants.

CASE NO. C16-5124 BHS

ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND MOTION FOR LEAVE TO JOIN ADDITIONAL PARTY

This matter comes before the Court on Plaintiff Brian Smith's ("Smith") motion to remand (Dkt. 19) and motion for leave to join additional party (Dkt. 20). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies both motions for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On February 5, 2016, Smith sued Defendants Monster Beverage Corporation and Monster Energy Company (collectively "Monster") in Lewis County Superior Court. Dkt. 1-1 ("Comp."). Smith brings strict product liability, negligence, and breach of implied warranty claims against Monster based on injuries he allegedly sustained after

consuming four, sixteen-ounce Monster energy drinks on February 8, 2013. *Id.* ¶¶ 1, 31–91.  Smith alleges he was "transported to the hospital where he was diagnosed and treated for a hemorrhagic stroke." *Id.* ¶ 10.  Smith further claims he suffered serious and permanent physical injury, harm, damages, and economic loss. *Id.* ¶¶ 41, 52, 60, 69, 78, 91.  Smith's complaint does not specify the amount of damages he seeks. *See* Comp.

On February 18, 2016, Monster removed the suit to this Court on the basis of diversity jurisdiction, which requires complete diversity between the parties and over $75,000 in controversy.  Dkt. 1; *see also* 28 U.S.C. § 1332.

On March 18, 2016, Smith moved to remand.  Dkt. 19.  On April 11, 2016, Monster responded.  Dkt. 26.  On April 15, 2016, Smith replied.  Dkt. 31.  Smith also filed a combined motion for leave to join an additional party and to remand on March 18, 2016.  Dkt. 20.  On April 4, 2016, Monster responded.  Dkt. 21.  On April 8, 2016, Smith replied.  Dkt. 24.  Monster filed a surreply on April 12, 2016.  Dkt. 28.

## II. DISCUSSION

Both of Smith's motions seek to remand this case to state court.  In his first motion, Smith argues Monster has failed to show the amount in controversy exceeds the jurisdictional threshold.  Dkt. 19.  In his second motion, Smith requests leave to join a non-diverse defendant, which would destroy complete diversity and require remand.  Dkt. 20.  Monster opposes both motions.  Dkts. 21, 26.  The Court will address the joinder issue first.

**A.  Joinder of Non-Diverse Defendant**

Smith seeks leave to add D&S Enterprises, Inc. ("D&S")—the Washington business that allegedly sold Smith the Monster energy drinks—as a new defendant. Dkt. 20.

Generally, motions to amend a complaint to add new parties are governed by Federal Rule of Civil Procedure 15. Under Rule 15(a), a plaintiff has the right to amend his pleading once as a matter of course and without leave of the Court before a defendant files a responsive pleading. Fed. R. Civ. P. 15(a)(1). However, "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or may permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The decision whether to permit or deny joinder under § 1447(e) is within the Court's discretion. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

Monster argues Smith should not be granted leave to join D&S because his proposed claims against D&S are barred by the statute of limitations and therefore futile. Dkts. 21, 26. Smith concedes that his proposed claims against D&S are barred by the applicable statute of limitations. Dkt. 24 at 4; *see also* RCW 4.16.080(2). Accordingly, Smith's attempt to add D&S as a defendant would be futile unless his claims against D&S relate back to the date he filed his original complaint. *See* Fed. R. Civ. P. 15(c).

Federal Rule of Civil Procedure 15(c) governs the relation back of amended pleadings. Rule 15(c) provides two avenues for relation back: (1) state law under Rule 15(c)(1)(A), or (2) federal law under Rule 15(c)(1)(C). Unless state law provides a more

1    liberal standard for relation back, federal law applies.  *See* Advisory Comm. Note to 1991

2    Amendment to Rule 15(c)(1); *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191,

3    1200 (9th Cir. 2014).

4          Both Washington and federal law provide that an amendment adding or changing

5    a defendant relates back to the original complaint if: (1) the claims against the new

6    defendant arose out of the same conduct, transaction, or occurrence set forth in the

7    original complaint; (2) the new defendant received notice of the action such that it will

8    not be prejudiced; and (3) the new defendant knew or should have known that, but for a

9    mistake concerning the defendant's identity, the action would have been brought against

10   it in the first place.  CR 15(c); Fed. R. Civ. P. 15(c)(1)(C).  The party seeking to add or

11   change a party bears the burden of proving these elements are satisfied.  *See, e.g.*,

12   *Segaline v. Dep't of Labor & Indus.*, 169 Wn.2d 467, 477 (2010).  In addition to these

13   three elements, Washington law does not allow relation back if the delay in adding the

14   new defendant resulted from "inexcusable neglect."  *Martin v. Dematic*, 182 Wn.2d 281,

15   288–91 (2014).

16         Here, Smith has failed to show his claims against D&S relate back under either

17   Washington or federal law.  Although Smith's claims against D&S are based on the same

18   occurrence set forth in his original complaint, Smith has not demonstrated that the

19   remaining elements are satisfied.  Smith has failed to show that D&S received notice of

20   the instant suit.  Even assuming D&S received notice, Smith has not established that

21   D&S knew or should have known it was an intended party to the suit.  Indeed, Smith's

22

original complaint does not allege any facts that indicate Smith purchased the Monster energy drinks from D&S. *See generally* Comp.

Smith nevertheless argues the statute of limitations should be tolled under RCW 4.16.170. Dkt. 24 at 4–5. Smith raised this argument for the first time in his final reply brief, and thus the Court declines to consider it.[1] *See United States v. Cox*, 7 F.3d 1458, 1463 (9th Cir. 1993) ("[A] party may not make new arguments in the reply brief.").

Ultimately, Smith has failed to show his claims against D&S relate back to the date he filed his original complaint. The Court concludes that joining D&S would be futile,[2] and therefore denies Smith's motion for leave to join D&S as an additional defendant. In the absence of D&S, complete diversity remains between the parties.

**B.     Amount in Controversy**

Smith also argues Monster has failed to show the amount in controversy requirement is satisfied. Dkt. 19. Diversity jurisdiction requires that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). "Under this burden, the defendant must provide evidence

---

[1] Even if the Court were to consider Smith's new argument, Smith has failed to show that all of the requirements for tolling have been satisfied. *See Powers v. W.B. Mobile Servs., Inc.*, 182 Wn.2d 159, 164–65 (2014).

[2] Several § 1447(e) factors also weigh against allowing the joinder of D&S. *See IBC Aviation Servs., Inc. v. Campania Mexicana D. Aviacion, S.A. de C. V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000).

establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Any doubts about the propriety of removal must be resolved in favor of remand. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

Monster first argues the allegations in Smith's complaint show that the amount in controversy exceeds $75,000. Dkt. 26 at 10–13. The Court agrees. Although Smith's complaint does not specify the amount of damages sought, it is apparent from the factual allegations in his complaint that more than $75,000 is in controversy. For example, Smith alleges he suffered "serious, permanent, and life-altering injuries" from a hemorrhagic stroke. Comp. ¶ 10. Smith further claims he was "immediately transported to the hospital" and incurred expenses for "doctors, hospitals, nurses, pharmaceuticals, and other reasonably required and medically necessary supplies and services." *Id.* "In cases involving severe injuries . . . courts have found it facially apparent from the complaint that the amount in controversy was satisfied." *Hammarlund v. C.R. Bard, Inc.*, C15-5506SVW, 2015 WL 5826780, at *2 (C.D. Cal. Oct. 2, 2015); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Similarly, based on the nature of Smith's factual allegations, the Court finds that the amount in controversy more likely than not exceeds $75,000.

In addition to the factual allegations in Smith's complaint, Monster relies on summaries of three cases that resulted in either a default judgment or a settlement in excess of $75,000. Dkt. 26 at 14–15. A removing defendant may rely on settlements and jury verdicts in analogous cases as evidence of the amount in controversy. *See Mireles v.*

1  *Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012).  While the cases presented by Monster are not identical to the instant case, all three cases involve plaintiffs who suffered similar injuries as Smith.  *See* Dkt. 26-2.  Moreover, Smith makes no attempt to rebut this evidence.  These cases further show that the amount in controversy in this case most likely exceeds the jurisdictional minimum.

In sum, Monster has met its burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000, and the Court denies Smith's motion to remand.

### III. ORDER

Therefore, it is hereby **ORDERED** that Smith's motion to remand (Dkt. 19) and motion for leave to join additional party (Dkt. 20) are **DENIED**.

Dated this 5th day of May, 2016.

BENJAMIN H. SETTLE
United States District Judge